## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDREW BENNETT, et al.,** | ) | |
| | ) | |
| **Appellants,** | ) | Civil Action Number |
| **v.** | ) | **2:14-cv-00214-AKK** |
| | ) | **and** |
| **JEFFERSON COUNTY,** | ) | **2:14-cv-00215-AKK** |
| **ALABAMA** | ) | |
| | ) | |
| **Appellees.** | ) | |

## MEMORANDUM OPINION

The Appellants seek to reverse several orders issued by the bankruptcy court

in adversary proceedings stemming from Jefferson County, Alabama's Chapter 9

bankruptcy. Docs. 1; 1 in 2:14-cv-00215-AKK.[1] The Appellants contend, among

other things, that the dismissal of the adversary proceedings pursuant to the order

confirming the County's Chapter 9 Plan ("the Confirmation Order") violated the

Bankruptcy Rules and Rules of Civil Procedure and denied them due process. *See*

doc. 21. These appeals are before the court on Jefferson County's motion to dismiss,

doc. 17, which the Appellants oppose, *see* doc. 21. Because these appeals challenge

the County's bankruptcy plan and the Confirmation Order, which have become final

---

[1] Unless otherwise indicated, the documents cited are from case number 2:14-cv-00214-AKK. Although the court has not consolidated these appeals, they involve the same facts and issues, and the parties submitted identical briefing in support of their respective positions in both appeals. *See* docs. 17; 21; 22 in 2:14-cv-00214-AKK and 17; 21; 22 in 2:14-cv-00215-AKK.

and nonappealable, *see Bennett v. Jefferson County, Alabama*, 899 F.3d 1240 (11th Cir. 2018), cert. denied, 139 S. Ct. 1305 (March 4, 2019), and, as a result, the court cannot grant meaningful relief to the Appellants, the motion to dismiss is due to be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The County filed a petition for bankruptcy in 2011 related to $3.2 billion in debt the County incurred for its sewer system. *Bennett*, 899 F.3d at 1243. During the course of the Chapter 9 bankruptcy proceeding, some of the County's creditors filed an adversary proceeding (AP-16) seeking a declaration that the County was required to remit certain monthly payments to them from sewer system revenues. *See In re Jefferson Cnty., Ala.*, 482 B.R. 404 (Bankr. N.D. Ala. 2012). The Appellants, on behalf of themselves and a putative class of County homeowners and sewer ratepayers, filed a complaint in intervention in AP-16, seeking an alternative declaratory judgment to void or invalidate certain sewer system warrants issued by the County. *See* doc. 21-1.[2] The bankruptcy court severed the Appellants' complaint in intervention and transferred it to a separate, newly-opened adversary proceeding (AP-120). Doc. 17 at 4.

---

[2] The Appellants also filed a claim for more than $1.6 billion in the Chapter 9 proceeding for alleged overcharges for sewer services. Doc. 21-1 at 3. That claim is not at issue in these two appeals.

The County subsequently reached a tentative agreement with its major creditors. *Bennett*, 899 F.3d at 1243. The County then moved to stay further proceedings in AP-120 based on its contentions that the Chapter 9 plan would resolve all disputes relating to the County's liability for the sewer warrants, and the bankruptcy court granted the motion. Doc. 17 at 5. Thereafter, the County filed its Chapter 9 Plan of Adjustment (the "Plan"), and, after a two-day hearing, the bankruptcy court issued the Confirmation Order over the Appellants' objections. *See Bennett*, 899 F.3d at 1243. *See also* docs. 21-3; 21-4.

Pursuant to the Confirmation Order, the Plan is binding on the County, its creditors, and "all past, present, current, and future ratepayers and users of the Sewer System . . . ." Doc. 21-3 at 57. Among other things, the Plan resolved and released all "Sewer Released Claims," which includes disputes related to the validity of the sewer warrants and "the scope and extent of any liens or other property rights under the [s]ewer [w]arrant[s] . . . ." Doc. 21-4 at 68-70, 90-91. Because the claims settled and released under the Plan encompass the claims asserted in AP-16 and AP-120, the Plan specifically required, and the Confirmation Order directed as such, the dismissal with prejudice of AP-16 and AP-120 and enjoined the Appellants from continuing any action to assert their claims. Docs. 21-3 at 64-65, 74-75; 21-4 at 6, 69, 81, 89-91; *Bennett*, 899 F.3d at 1243.

Relevant to these appeals, the Plan also provided that the County would issue and sell new sewer warrants and that the County would use the net proceeds to redeem and retire the prior warrants and related obligations. Docs. 21-4 at 18; 21-3 at 50-52. *See also Bennett*, 899 F.3d at 1243. And, to retire these new sewer warrants, the Plan provides for the County to implement a series of rate increases over a period of forty years. *Bennett*, 899 F.3d at 1243. In addition, under the Plan and Confirmation Order, the validity of the new sewer warrants "and the covenants made by the County for the benefit of the holders thereof . . . shall not be subject to any collateral attack or other challenge by any [p]erson in any court . . . from and after the [Plan's] [e]ffective [d]ate." Docs. 21-4 at 85-86; 21-3 at 67.

The Appellants filed a direct appeal of the Confirmation Order to this court two days prior to the Plan's effective date, *see* doc. 1 in 2:14-cv-00213-AKK, but did not move for a stay of the Confirmation Order pending appeal, *Bennett*, 899 F.3d at 1244. Relatedly, the Appellants also filed these two appeals in which they seek the reversal of several orders in their adversary proceedings. After the Plan became effective, the County moved this court to dismiss the direct appeal, arguing in part that the appeal was moot because the Plan's consummation made it impossible for the court to grant the Appellants meaningful relief.[3] Doc. 4 in 2:14-cv-00213-AKK.

---

[3] The County did not move to dismiss the appeal of the bankruptcy court orders sustaining the County's objection to the Appellants' proof of claim in the underlying bankruptcy proceeding. Docs. 17 at 13-14; 4 in 2:14-cv-00213-AKK.

This court (Judge Sharon Lovelace Blackburn) denied the motion to dismiss the direct appeal, and, at the County's request, certified its order for interlocutory review. Docs. 35; 36; 48 in 2:14-cv-00213-AKK. In the interim, the court stayed these two appeals of the adversary proceedings pending the resolution of the direct appeal in Case No. 2:14-cv-00213-AKK. Doc. 11.

On review, the Eleventh Circuit reversed this court and remanded the direct appeal back to the court to dismiss the appeal of the Plan and Confirmation Order. *Bennett*, 899 F.3d at 1254. The Eleventh Circuit found that the appeal of the Plan and Confirmation Order is equitably moot because granting the relief sought by the Appellants "would seriously undermine actions taken in reliance on the [C]onfirmation [O]rder," and "would be inequitable or practically impossible." *Id.* at 1252. The Appellants petitioned unsuccessfully for a writ of certiorari. *Bennett v. Jefferson Cnty., Ala.*, 2019 WL 465193 (U.S. Mar. 4, 2019). Thus, the Plan and Confirmation Order are final and nonappealable.

## II.    ANALYSIS

In light of the resolution of the direct appeal, the stay in these two appeals is no longer necessary. Indeed, the parties have filed various motions seeking to bring these appeals to a resolution. And, presently before the court is the County's motion to dismiss. Doc. 17. Notwithstanding the Circuit's clear mandate for this court to dismiss the direct appeal due to equitable mootness, *Bennett*, 899 F.3d at 1252 and

5

1254, and the decision's related implications to these two appeals, the Appellants maintain that they can still challenge aspects of the Plan and Confirmation Order through these appeals of their adversary proceedings, and have filed various motions related to their position. *See* docs. 15; 16. *See also* doc. 21. For its part, the County argues in its motion to dismiss that, in light of the Eleventh Circuit's decision in the direct appeal, these appeals stemming from the adversary proceedings are barred by res judicata, doc. 17 at 16-19, or alternatively, are moot, *id.* at 19-20. The court agrees with the County.

### A.    Whether these Appeals are Barred by Res Judicata

As its primary argument in support of dismissal, the County argues that these appeals are a collateral attack on the Plan and Confirmation Order the Circuit upheld on direct appeal, and are therefore barred by res judicata. *See* doc. 17 at 16-19. Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action." *Federated Dep't Sores v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted). The doctrine bars a subsequent action when "(1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d

1183, 1187 (11th Cir. 2003). Only the first and last elements are in contention here.[4]

More specifically, the Appellants argue that (1) as to the first element—the Confirmation Order is not a prior judgment and that the bankruptcy court exceeded its jurisdiction in issuing the order, and (2) as to the last element—the Plan and Confirmation Order involve a different nucleus of operative facts than the adversary proceedings. Doc. 21. The court addresses these contentions in turn.

### 1. Whether the Confirmation Order is a prior judgement issued by a court of competent jurisdiction

The Appellants argue that the Confirmation Order has no preclusive effect on these appeals because they filed their complaints in the adversary proceedings before the County filed the Plan. *See* doc. 21 at 6, 13-17. Consequently, they claim this lawsuit, as the purportedly first filed action, is not barred by res judicata. This contention is unavailing. As the Eleventh Circuit noted when it rejected a similar argument, the party advancing the argument cited "no case law applying a pending proceeding exception to res judicata doctrine, and we are not persuaded that we should recognize such an exception here." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 n.3 (11th Cir. 2001), *cert denied sub nom. TDY Indus., Inc. v. Kaiser Aerospace*

---

[4] The second element is satisfied because "[i]t is established law that a [bankruptcy] confirmation order satisfies 'the requirements of a judgement that can be given preclusive effect.'" *In re Optical Tech., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005) (quotation and alteration in original omitted). And, as for the third element, the parties in these proceedings were also parties to the underlying bankruptcy proceeding and Confirmation Order.

& *Elec. Corp.*, 534 U.S. 827 (2001).[5]   Moreover, "upon familiar principles, irrespective of which action or proceeding was first brought, it is the first final judgment rendered. . . which becomes conclusive in the other as res judicata." *Chicago, R.I & P. Ry. Co. v. Schendel*, 270 U.S. 611, 616-17 (1926) (citations omitted).   As a result, because there is no judgment yet entered in the adversary proceedings, the Confirmation Order is the prior judgment for purposes of res judicata.

As for the Appellants' secondary contention that the court should reject the res judicata doctrine because the bankruptcy court purportedly exceeded its jurisdiction when it issued the Confirmation Order, doc. 21 at 11-12, 24, the Appellants were free to challenge the bankruptcy court's jurisdiction in their direct appeal.   They failed to successfully do so, and because they "were given a fair chance to challenge the Bankruptcy Court's subject-matter jurisdiction, they cannot challenge it now by resisting enforcement of the [] Order[]." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009) (citations omitted).   *See also In re Optical Tech.*, 425 F.3d 1294, 1308 (11th Cir. 2005).   Thus, because the bankruptcy court had

---

[5] The Appellants suggest that *In re Piper Aircraft Corp.* supports their position that the timing of their complaint in the adversary proceedings in comparison to when the County filed the Plan matters for purposes of res judicata.   Doc. 21 at 17-18.   However, the Eleventh Circuit held in *In re Piper* that res judicata did not apply to a party's damages claim, which the party filed in state court before the debtor filed its bankruptcy plan, because the claim and the bankruptcy proceeding did not arise out of the same nucleus of operative fact.   244 F.3d at 1302.   That is far different from the circumstances presented by these appeals.

jurisdiction to issue the Confirmation Order, *see* 28 U.S.C. § 1334, the Order is entitled to preclusive effect in these appeals.

      2.    <u>Whether these appeals arise from the same nucleus of operative fact as the Plan and Confirmation Order</u>

Determining whether the prior and present causes of action are the same requires the court to decide whether the actions arise "out of the same nucleus of operative fact . . . ." *In re Piper Aircraft Corp.*, 244 F.3d at 1297. The Appellants' contention that these appeals arise out of a different nucleus of operative facts than the Plan and Confirmation Order, doc. 31 at 6, 17, is belied by their own motion to consolidate these appeals with the direct appeal of the Plan and Confirmation Order. As the Appellants admitted in that motion, all three appeals "are so intertwined with identical questions of law and fact that to have to keep them in separate proceedings would waste the [c]ourt's resources and create unnecessary cost, delay and complexity." Doc. 8 at 27. Moreover, these appeals involve the exact same claims that the bankruptcy court dismissed with prejudice and enjoined the Appellants from litigating further pursuant to the Plan and Confirmation Order. *See* docs. 21-3 at 64-65, 74-75; 21-4 at 6, 69, 89-91. Thus, these appeals arise out of the same nucleus of facts as the Confirmation Order.

      3.    <u>Whether a public policy exception to res judicata should apply</u>

Finally, the Appellants raise a public policy argument, claiming that the new sewer warrants the County issued represent an unfair and unconstitutional taking of

their property.  Doc. 21 at 7-12.  Consequently, they argue that the court should not give the Plan and Confirmation Order any preclusive effect.  *See id.*  The Appellants had an opportunity to raise arguments about unfairness or unconstitutionality at the bankruptcy court's hearing on the Plan, and the bankruptcy court considered and rejected their arguments.  *See Bennett v. Jefferson Cnty., Alabama*, 518 B.R. 613, 625-26 (N.D. Ala. 2014), *rev'd on other grounds*, 899 F.3d 1240.  They also had an opportunity to raise these arguments in their direct appeal of the Confirmation Order.  *See Bennett*, 899 F.3d at 1243.  While the Appellants feel strongly about the purported inequities of the Plan, they cannot, under the guise of public policy concerns, resurrect arguments that the courts have already rejected, or that they could have raised previously.  After all, "[t]here is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'"  *Moitie*, 452 U.S. at 401 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)).

To summarize, the doctrine of res judicata bars these appeals:  the Confirmation Order is a prior judgment on the merits issued by a court of competent jurisdiction, the parties to these appeals are parties to the Confirmation Order, and these appeals and the Confirmation Order arise out of the same nucleus of operative fact.  *See In re Piper Aircraft Corp.*, 244 F.3d at 1296-97.  As a result, these appeals are due to be dismissed.

**B.** **Whether these Appeals are Moot**

The County argues alternatively that these appeals, which challenge the validity of certain aspects of the County's Plan and the Confirmation Order, are moot because the Plan and Confirmation Order are final and nonappealable.  *See Bennett*, 899 F.3d 1240; doc. 17 at 19-20.  The Appellants counter that the court can still give them meaningful relief because they seek an equitable remedy and a declaration of their rights regarding the validity of a lien on their real property relating to the new sewer warrants, and not a monetary judgment or transfer of property.  Doc. 21 at 12-18.  The Appellants do not explain, however, what meaningful relief, if any, the court could order without running afoul of the Confirmation Order, which states explicitly that the validity of the new sewer warrants "and the covenants made by the County for the benefit of the holders thereof . . . shall not be subject to any collateral attack."  Doc. 21-3 at 67.  Moreover, the Confirmation Order required the dismissal of the Appellants' adversary proceedings, AP-16 and AP-120, and barred the Appellants from pursuing these appeals.  *Id.* at 64-65, 74-75.

"[W]here the plain terms of a court order unambiguously apply, as they do here, they are entitled to their effect."  *Travelers Indem. Co.*, 557 U.S. at 150 (citations omitted).  And, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  *Al Najjar v.*

*Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Thus, based on the terms of the Plan and Confirmation Order, the court cannot provide any meaningful relief to the Appellants, and these appeals are moot. *See id.*

## III. CONCLUSION

Because these appeals are barred by res judicata and are moot, the County's motion to dismiss, doc. 17 in 2:14-cv-00214-AKK and doc. 17 in 2:14-cv-00215-AKK, is due be granted. Accordingly, the Appellants' motion to strike, doc. 7 in 2:14-cv-00214-AKK and doc. 8 in 2:14-cv-00215-AKK, motions to consolidate, docs. 12 and 15 in 2:14-cv-00214-AKK and docs. 13 and 16 in 2:14-cv-00215-AKK, and motion for hearing, doc. 16 in 2:14-cv-00214-AKK, are due to be denied as moot. Separate orders will be entered.

**DONE** the 1st day of August, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE